UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GUSTAV J. BUCHHOLZ,

    Plaintiff,

v.

MEYER NJUS TANICK, PA,

    Defendant.
_____/

Case No. 1:18-CV-607

HON. GORDON J. QUIST

## OPINION

The motion before the Court requests that the Court determine if Plaintiff, Gustav J. Buchholz, has standing to sue Defendant, Meyer Njus Tanick, PA, based on allegations that Defendant violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq*. Presently before the Court is Defendant's motion to dismiss (ECF No. 13) for lack of subject-matter jurisdiction or failure to state a claim for which relief can be granted. Fed. R. Civ. P. 12(b)(1), (6). For the reasons stated below, the Court will grant Defendant's motion to dismiss.

### I.    Background

On May 9, 2018, Plaintiff received two collection letters from Defendant, attempting to collect payment of two separate outstanding consumer debts that Plaintiff allegedly owed to Synchrony Bank. The letters were on Defendant's law firm letterhead and were signed by Kara L. Harms, an attorney working in Defendant's Michigan office. Plaintiff claims that the letters were "automated" as demonstrated by the nearly identical wording in the letters, the electronic signature of the attorney, and a barcode at the bottom of each letter. Plaintiff asserts that Defendant violated the FDCPA by sending letters "represent[ing] that it was sent by Ms. Harms after she had

engaged in a meaningful review of Plaintiff's account prior to sending the letter[s]." (ECF No. 12 at PageID.48.) According to Plaintiff, "[a]s a result of Defendant's misrepresentations regarding the extent to which an attorney reviewed the collection letters prior to sending them to Plaintiff, [he] felt an undue sense of anxiety that he would be subjected to legal action if prompt payment was not made," and consequently "conferred with his counsel regarding the nature of Defendant's collection letters." (*Id*. at PageID.51.)

## II. Legal Standards

Defendant disputes that Plaintiff has standing to bring his claims. "Whether a party has standing is an issue of the court's subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." *Lyshe v. Levy*, 854 F.3d 855, 857 (6th Cir. 2017) "To satisfy the 'irreducible constitutional minimum of standing,' the plaintiff must establish that: (1) he has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent rather than conjectural or hypothetical; (2) that there is a causal connection between the injury and the defendant's alleged wrongdoing; and (3) that the injury can likely be redressed." *Id.* (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61, 112 S. Ct. 2130, 2136 (1992)). At the pleading stage of the case, Plaintiff must "'clearly . . . allege facts demonstrating' each element" of standing. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (quoting *Warth v. Seldin*, 422 U.S. 490, 518, 95 S. Ct. 2197, 2215 (1975)).

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1959 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103 (1957)).

### III. Discussion

Defendant argues that Plaintiff has not alleged a concrete injury "that is fairly traceable to the challenged conduct of the defendant." *Spokeo*, 136 S. Ct. at 1547. Plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Id.* at 1549. "Article III standing requires a concrete injury even in the context of a statutory violation." *Id.*

In this case, Plaintiff alleges that Defendant violated the FDCPA by misrepresenting that an attorney had reviewed the case and that he was injured in the form of an "undue sense of anxiety." However, Plaintiff does not claim that the letters misrepresented the money Plaintiff owed on the two different accounts. Plaintiff fails to state how his sense of anxiety was anything other than the anxiety he would feel in facing debt collection. Thus, his purported injury is not causally linked to the challenged actions of Defendant, and he lacks standing to bring his claims. *See Cheslek v. Asset Acceptance Capital Corp.*, No. 1:16-CV-1183, 2017 WL 7370983, at *3 (W.D. Mich. Dec. 22, 2017) (granting the defendant's motion to dismiss for lack of standing after finding that "any stress or expenses [Plaintiff] incurred would have been the result of having to defend a lawsuit that was properly filed to collect the $3,468.71 debt that Plaintiff failed to pay").

Moreover, Plaintiff has not demonstrated that Defendant violated the FDCPA. Although Plaintiff states in his First Amended Complaint that the first letter he received "represented that it was sent by Ms. Harms after she had engaged in meaningful review of Plaintiff's account prior to sending the letter" (ECF No. 12 at PageID.48), the letter made no representation regarding a review, much less a "meaningful review." The letter, attached as Exhibit A to Defendant's motion to dismiss (ECF No. 14-2 at PageID.68), simply states that the law firm had been retained to collect the debt, and as such, the letter was from a debt collector. The letter even specifically states that if Plaintiff disputed the debt or any portion thereof, "this firm will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such verification or judgment." The FDCPA prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The goal of the FDCPA is it eliminate *abusive* debt collection practices, not all debt collection practices. *Lyshe*, 854 F.3d at 859. Plaintiff has not pled a concrete injury that is fairly traceable to Defendant and has not alleged how Defendant engaged in any *unlawful* behavior. Therefore, Plaintiff's claims will be dismissed.

A separate order of dismissal will be entered.


Dated: September 27, 2018                               /s/ Gordon J. Quist
                                                                      GORDON J. QUIST
                                                              UNITED STATES DISTRICT JUDGE